UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DALE GRIMM,

    Plaintiff,

vs.

BETH CAPPELLI, *et al.*,

    Defendants.

Case No. 3:20-cv-3

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

## ORDER DENYING *PRO SE* PLAINTIFF'S MOTION TO COMPEL (DOC. 6)

---

This civil case is before the Court on *pro se* Plaintiff's motion to compel. Doc. 6. For the reasons set forth herein, Plaintiff's motion is **DENIED**.

Plaintiff originally filed his *pro se* complaint in the Greene County, Ohio Court of Common Pleas on December 4, 2019 asserting, *inter alia*, civil rights claims under 42 U.S.C. § 1983 against Defendants Bob Sampson, Mark Donnatelli, and Beth Cappelli. Doc. 1-2. The record presently before the Court contains no proof evidencing completed service of process on either Defendant Sampson or Defendant Donnatelli.[1] Defendant Cappelli, however, appeared through counsel and removed the case to this Court on January 3, 2020. Doc. 1. Defendant Cappelli has also filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which is not yet ripe and remains pending on the Court's docket.

---

[1] Service of process must be completed within 90 days after the filing of the complaint and, if service is not completed in that time, the Court must dismiss the action as against the unserved Defendants without prejudice. *See* Fed. R. Civ. P. 4(m). In cases removed to a federal court from a state court, the 90-day period set forth in Rule 4(m) commences on the date removal is complete. See *Medlen v. Estate of Meyers*, 273 F. App'x 464, 470 (6th Cir. 2008). Accordingly, in this case, all Defendants must be served on or before April 2, 2020. Plaintiff is **NOTIFIED** that his failure to complete service on Defendants Sampson and Donnatelli on or before April 2, 2020 may result in the dismissal of his complaint against them without prejudice.

It appears that Plaintiff has been unable to complete service on Defendants Sampson and Donatelli because he does not have their home mailing addresses. *See* doc. 6. To obtain that information, Plaintiff purports to have served discovery requests on Defendant Cappelli. Doc. 6. Having received no response from Cappelli, Plaintiff now moves the Court for an order compelling Cappelli to respond.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Notably, Rule 26(f) requires that parties to a civil case confer "as soon as practicable" to, *inter alia*, develop a discovery plan. Here, there is no indication that the parties have conferred as required by Rule 26(f) and, because only one of the three named Defendants has been served, it would be impracticable for them to do so at this time. Accordingly, any discovery request served was served prematurely and, as a result, Plaintiff's motion to compel a response must be **DENIED**.

Even assuming, *arguendo*, that discovery has commenced and that the time-period for Cappelli's response has expired, Plaintiff's motion must be **DENIED** under Fed. R. Civ. P. 37(a)(1) because he provides no "certification that [he] has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See also* S.D. Ohio Civ. R. 37.1 ("[M]otions . . . relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences").

**IT IS SO ORDERED.**

Date:  February 25, 2020            s/ Michael J. Newman
                                                                                  Michael J. Newman
                                                                                   United States Magistrate Judge