IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DALE GRIMM, :

    Plaintiff, :

v. :   Case No. 3:20-cv-003

BETH CAPPELLI, et. al., :   JUDGE WALTER H. RICE

    Defendants. :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #9);
OVERRULING PLAINTIFF'S OBJECTIONS (DOC. #10); SUSTAINING
DEFENDANTS' MOTION TO DISMISS DEFENDANT CAPPELLI
PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM
(DOC. #3) WITH PREJUDICE; DISMISSING WITHOUT PREJUDICE
TO REFILING DEFENDANTS SAMPSON AND DONATELLI;
PLAINTIFF'S REQUEST FOR ADDITIONAL TIME OVERRULED;
TERMINATION ENTRY

---

On April 6, 2020, United States Magistrate Judge Michael J. Newman issued a Report and Recommendations, Doc. #9. He recommended that: (1) the Motion to Dismiss, Doc. #3, filed by Defendant, Beth Cappelli ("Defendant Cappelli"), be granted; (2) Plaintiff's claims against Defendant Cappelli be dismissed pursuant to Fed. R. Civ. P. 12(b)(6); and (3) Plaintiff's claims against Defendants, Bob Sampson ("Defendant Sampson") and Mark Donatelli

("Defendant Donatelli"[1]) be dismissed pursuant to Fed. R. Civ. P. 4(m) because of Plaintiff's failure to serve these Defendants by April 2, 2020;[2] and (4) that this case be terminated on the Court's docket.

This matter is before the Court on Objections to that Report and Recommendations filed by Plaintiff, Dale Grimm ("Plaintiff" or "Grimm"), Doc. #10. Defendant Cappelli has filed a Memorandum in Opposition to Plaintiff's Objections, Doc. #12, and Grimm has filed a Reply, Doc. #13.

I. **Background and Procedural History**

Grimm, a pro se litigant, alleges that on December 18, 2017, he visited Fairborn Municipal Court. Doc. #2, PAGEID#32. As he entered the public building, the Complaint alleges that he was "accosted by an individual with a name tag" of Bob Sampson ("Defendant Sampson"). Plaintiff alleges that Defendant Sampson (1) insisted on "seeing the contents of his pockets;" (2) had him walk through a "portal-type device" that made a "beeping sound;" and (3) "waved a wand type device" around his body. *Id.* The wand device also allegedly "made a beeping noise." *Id.*

---

[1] The correct spelling of Defendant's name is "Mark Donatelli."

[2] Said dismissal is without prejudice, given that Fed. R. Civ. P. 4(m) provides for such a dismissal.

2

At the conclusion of his visit, Plaintiff alleges that he spoke with Defendant Sampson and reminded him that looking through his pockets required "a warrant issued under probable cause, upon oath or affirmation" and identifying "any locations to be searched or items to be seized." *Id.* Defendant Sampson allegedly disagreed with Plaintiff, admitted he had no warrant and refused to provide Grimm identification when asked. *Id.*, PAGEID#33.

Following this visit and verbal exchange, Plaintiff alleges that he wrote a letter to Defendant Cappelli[3] explaining what had happened to him and requesting information concerning Defendant Sampson "so that action could be taken against him." *Id.* In response to his letter, Plaintiff received a letter from Defendant Donatelli[4] citing "Rule 9 from the Ohio Supreme Court[5] mandating

---

[3]The Complaint does not identify Defendant Cappelli. The Court, however, takes judicial notice, pursuant to Fed.R.Evid. 201, that this Defendant is the judge of the Municipal Court in Fairborn, Ohio. https://www.fairbornmunicipalcourt.us/judge.php.

[4]The Complaint does not identify Defendant Donatelli. The Court, however, takes judicial notice, pursuant to Fed.R.Evid. 201, that this Defendant is an attorney licensed to practice law in Ohio. https://www.supremecourt.ohio.gov/AttySvcs/AttyReg/

[5]Rule 9 of the Rules of Superintendence for the Courts of Ohio reads as follows: RULE 9. Court Security Plans. (A) Court Security Plan For purposes of ensuring security in court facilities, each court shall develop and implement a court security plan. If more than one court occupies a court facility, the courts shall collectively develop and implement a single court security plan. In addition to any other provisions necessary to satisfy the purposes of this rule, the plan shall address the provisions of the Ohio court security standards adopted by the Supreme Court and as set forth in Appendix C to this rule. (B) Public Access For purposes of ensuring security in court facilities, a court security plan, including any security policy and procedures manual, emergency preparedness manual, and continuity of operations manual adopted as part of the court security plan, shall not be available for public access.

inferior courts to adopt security measures." *Id.* Grimm responded to Defendant Donatelli reminding him that "the security of my person is guaranteed by both the U.S. Constitution and the Ohio Constitution." *Id.*

As alleged in the Complaint, Defendant Cappelli has violated her oath of office as well as Grimm's Fourth Amendment rights under the United States Constitution and "Section 1, §14" of the Ohio State Constitution ("Article 1, § 1.14").[6] The Complaint further alleges that Defendants have "either violated the security of my person or conspired to violate the security of my person" in violation of the Fourth Amendment to the United States Constitution and Article 1, § 1.14, under the Ohio State Constitution. *Id.*, PAGEID##33-34. The Complaint does not provide any details in support of this alleged conspiracy. Grimm seeks money damages for "embarrassment, humiliation and the feeling of being violated unnecessarily." *Id.*, PAGEID#34.

The Court will analyze Plaintiff's Objections and make a *de novo* review of those portions of the Report and Recommendations to which proper Objections have been made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

---

[6]The Complaint, Doc. #2, PAGEID##33-34, incorrectly refers to Article 1, Section 1.14 of the Ohio State Constitution as "Section 1, § 14 of the Ohio Constitution."

4

## II. Plaintiff's Objections

The Court has reviewed Plaintiff's Objections, Doc. #10, Defendant Cappelli's response, Doc. # 12, and Plaintiff's Reply, Doc. #13. With respect to Defendant Cappelli, Plaintiff's Objections "question the validity of 42 U.S.C. § 1983," asserting that the United States Constitution "guarantees a person's right to petition the Government for a redress of grievances" and that Congress has "enacted a law [42 U.S.C. § 1983] which violates the First Amendment." *Id.* at PAGEID#79. The Objections also contend that the cases cited by the Magistrate Judge for suspicionless searches do not address the entrance to government buildings. *Id.*

Concerning Defendants Sampson and Donatelli, Plaintiff's Objections assert that these Defendants should not be dismissed since Plaintiff never received a notice from the Magistrate Judge that they must be served on or before April 2, 2020, or that they could be dismissed. *Id.* Grimm states that "[t]he only official documents I have received are the notice of transfer to this court [Doc. #1] and the denial of my motion to compel [Doc. #6]." Doc. #10, PAGEID#79.

Finally, because of the COVID-19 virus and the state of emergency declared by Governor DeWine on March 10, 2020, Plaintiff states that his "ability to handle this matter or to consult with others more knowledgeable has been "seriously hampered" and that he is prevented from "venturing outside" his home. Doc. #10, PAGEID##79-80. Because of this, Plaintiff asserts that he "will accept a dismissal

5

of this matter without prejudice" and "reserve[s] the right to refile once it is again safe for me to venture outside." *Id.*, PAGEID#80.

### III. The Report and Recommendations, Doc. #9

**A. Plaintiff's Claims Under Article I, § 1.14, of the Ohio State Constitution and Fourth Amendment Unreasonable Search and Seizure provision of the United States Constitution, 42 U.S.C. § 1983**

Plaintiff's Complaint alleges that Defendant Cappelli violated his constitutional rights under the search and seizure provision, Article I, § 1.14, of the Ohio State Constitution, and the Fourth Amendment of the United States Constitution. Grimm seeks monetary damages and compensation for his "embarrassment, humiliation and the feeling of being violated unnecessarily." Doc. #2, PAGEID#34.

It is well-established that no private right of damages exists for violations of rights under the Ohio Constitution. In *Provens v. Stark Cty. Bd. of Mental Retardation & Developmental Disabilities*, 64 Ohio St. 3d 252, 261, 594 N.E.2d 959 (1992), the Ohio Supreme Court held that "[T]here [is] no private constitutional remedy for the plaintiff-appellant's claims in that the Ohio Constitution itself does not provide for a civil damage remedy." The Ohio Supreme Court also noted in *Provens* that "there are rather extensive legislative and regulatory schemes providing for the bringing of complaints and charges emanating from civil rights violations." *Id.* at 261, 594 N.E.2d 959. In *Wesaw v. City of Lancaster*, No.

6

22005CV0320, 2005 WL 3448034, at **4-5 (S.D. Ohio Dec. 15, 2005)(Smith, J.), the district court, citing *Provens*, held that there is no private cause of action for civil torts arising under the Ohio Constitution, Article 1, § 1.14, the search and seizure provision. This is because "violations of rights secured under the Ohio Constitution do not, in and of themselves, confer a private right of damages" and because the plaintiffs' claim "under the search and seizure provisions of the Ohio Constitution is a restatement of their federal claim under the Fourth Amendment to the United States Constitution. Section 1983 provides a full panoply of remedies for a search and seizure claim under the United States Constitution." *Id.* at *5.

For the reasons stated above, the Court adopts this portion of the Magistrate Judge's filing that recommends that Plaintiff's claims against Defendant Cappelli, under Article I, § 1.14, of the Ohio Constitution, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

The Report and Recommendations also analyzed Plaintiff's claims against Defendant Cappelli for a violation of his Fourth Amendment rights under the United States Constitution. Such a claim exists, if at all, under 42 U.S.C. § 1983, which "provides for a private right of action against any person who, under color of state law, violates another person's federal rights." *Hardin v. Straub*, 954 F.2d 1193, 1198 (6th Cir. 1992).

In reviewing the Complaint and its allegations of a potential § 1983 claim, the Court notes that Plaintiff alleges that Defendant Cappelli is individually liable to him for damages by "approving" Defendant Sampson's "illegal searches" at the Fairborn Municipal Court. As a judge, however, Defendant Cappelli has absolute immunity from any civil suit seeking money damages if her actions are undertaken in a judicial capacity. *Barnes v Winchell*, 105 F.3d 1111, 1115-1116 (6th Cir. 1997). Even if it is determined that her alleged approval of Defendant Sampson's illegal searches was not done in a judicial capacity such that no absolute immunity exists, Defendant Cappelli may still not be liable for "approving" the "illegal searches" because of qualified immunity.

Qualified immunity exists unless (1) "the facts alleged make out a violation of a constitutional right;" and (2) "the right at issue was 'clearly established' when the event occurred such that a reasonable [state actor] would have known that his [or her] conduct violated it[.]" *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013). As the Report and Recommendations explains, the Complaint fails to allege any facts showing a violation by Defendant Cappelli of Plaintiff's clearly established Fourth Amendment rights. The Fourth Amendment protects against "unreasonable searches and seizures." *United States v. Sharpe*, 470 U.S. 675, 682 (1985). Routine suspicionless searches "at entrances to courts and other official buildings" are reasonable. *Chandler v. Miller*, 520 U.S. 305, 323 (1997); *City of Indianapolis v. Edmond*, 531 U.S. 32, 47-48 (2000). Plaintiff's Objections

8

assert that these cases cited and relied on in the Report and Recommendations are inapposite since *Chandler* concerns "drug testing" and *Edmond* concerns "sobriety checks." Although *Chandler* did concern drug testing, the Supreme Court determined that because the drug testing was being given to candidates to qualify for state office, it was not a constitutionally permissible suspicionless search. In reversing the Court of Appeals, Justice Ginsburg stated the following:

> We reiterate, too, that where the risk to public safety is substantial and real, blanket suspicionless searches calibrated to the risk may rank as 'reasonable'—for example, searches now routine at airports *and at entrances to courts* and other official buildings.

*Id.* at 323 (emphasis added) (citations omitted).

In *Edmond,* motorists filed a class action complaint against the city, mayor and members of the police department alleging that drug interdiction checkpoints violated their Fourth Amendment rights against unreasonable search and seizure. The Ohio Supreme Court agreed and held that these checkpoints were in violation of the Fourth Amendment. In reaching this decision, Justice O'Connor noted that "[O]ur holding also does not affect the validity of border searches or searches at places like airports *and government buildings, where the need for such measures to ensure public safety can be particularly acute.*" *Id.* at 48 (emphasis added).

There is no allegation in the Complaint that the search that Plaintiff alleges he experienced at the Fairborn Municipal Court was anything other than a constitutionally permissible suspicionless search. In fact, based on the allegations of the Complaint, Plaintiff's search was adopted as a result of Rule 9 of the Ohio

9

Supreme Court for security measures.[7] The Court, therefore, finds no violation of a constitutional right.

For the reasons set forth above, the Court adopts the Magistrate Judge's filing that recommends that Plaintiff's claims against Defendant Cappelli, under the Fourth Amendment of the United States Constitution, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Said dismissal is with prejudice.

### B. Failure to Serve Defendant Sampson and Defendant Donatelli

The Magistrate Judge recommends that Plaintiff's claims against Defendants Sampson and Donatelli be dismissed under Fed. R. Civ. P. 4(m), since Plaintiff failed to serve these Defendants within 90 days after January 3, 2020, the date the removal was filed in this Court. Doc. #9, PAGEID##72 and 77. According to the Report and Recommendations, Plaintiff was notified that service on Defendants Sampson and Donatelli must be completed or an extension requested on or before April 2, 2020. Plaintiff's failure to do so could result in dismissal. *Id.* citing Doc. #8, PAGEID#57. As stated above, Plaintiff admits receiving the copy of the Order Denying his Motion to Compel, Doc. #8. In this Order, the Magistrate Judge states in footnote 1, on page one, the following:

> [1]Service of process must be completed within 90 days after the filing of the complaint and, if service is not completed in that

---

[7]The Report and Recommendations also correctly reasons that any claim that Plaintiff may have against Defendant Cappelli in her "official capacity" fails to state a claim. Such a claim would be against the Fairborn Municipal Court, a state agency entitled to sovereign immunity under the Eleventh Amendment.

10

> time, the Court must dismiss the action as against the unserved Defendants without prejudice. See Fed. R. Civ. P. 4(m). In cases removed to a federal court from a state court, the 90-day period set forth in Rule 4(m) commences on the date removal is complete. See *Medlen v. Estate of Meyers*, 273 F. App'x 464, 470 (6th Cir. 2008). Accordingly, in this case, all Defendants must be served on or before April 2, 2020. Plaintiff is NOTIFIED that his failure to complete service on Defendants Sampson and Donnatelli on or before April 2, 2020[,] may result in the dismissal of his complaint against them without prejudice.

*Id.*, PAGEID#57.

Plaintiff admits to having received Doc. #8, and there is no dispute but that the first page of this pleading states that he must serve Defendants Sampson and Donatelli by April 2, 2020. For whatever reason, Plaintiff failed to do so; nor did he seek an extension. Accordingly, the Court adopts this portion of the Report and Recommendations and dismisses Defendants Sampson and Donatelli, without prejudice, pursuant to Fed. R. Civ. P. 4(m).

### C. Plaintiff's Request for a Dismissal Without Prejudice or that Service be Extended to 60 Days after Ohio's State of Emergency is Lifted

Plaintiff asserts in his Objections that as a 70-year old in a pandemic and a state of emergency declared by the Governor of Ohio, he is prevented from "venturing outside" his home. *Id.* He asserts that "[W]ith each correspondence I receive in this matter, more research is necessary." *Id.* He also contends that [M]ore research is also required in locating the other two defendants. *Id.* I have located one of them, but not the other." *Id.* He requests that his case be

11

dismissed without prejudice and that he be permitted the right to refile "once it is safe for him to venture outside." *Id.*

Plaintiff's alleged need to conduct more research and inability to do so as a result of the March 10, 2020, state of emergency in Ohio, is not an objection as defined by Fed. R. Civ. P. 72(b)(2) but, rather, a request for additional time. Plaintiff's response to Defendant Cappelli's Motion to Dismiss was filed February 24, 2020, prior to the March 10, 2020, state of emergency in Ohio and his objections to the Report and Recommendations were timely filed on April 16, 2020. No request was made before that date for an extension of time. Additionally, and as stated above, the Court has dismissed Plaintiff's claims against Defendants Sampson and Donatelli without prejudice to refiling, thus giving Plaintiff the opportunity to refile his case against these two Defendants if he should choose to do so.

Accordingly, because Plaintiff has timely filed his objections and based on the Court's ruling as to Defendants Sampson and Donatelli, Plaintiff's request for additional time is overruled.

### IV. Conclusion

For the reasons set forth above, the Court adopts the Report and Recommendations, Doc. #9, OVERRULES the Objections of Plaintiff, Doc. #10, and SUSTAINS Defendants' Motion to Dismiss Defendant Beth Cappelli pursuant to

Fed. R. Civ. P. 12(b)(6), Doc. #3, thus, dismissing all claims against this Defendant with prejudice and dismissing all claims against Defendants Sampson and Donatelli without prejudice to refiling. Plaintiff's request for additional time is OVERRULED.

Judgment is to be entered in favor of Defendants, Beth Cappelli, Bob Sampson and Mark Donatelli, and against Plaintiff.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 19, 2020

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE